*Randal S. Mashburn*
Randal S. Mashburn
U.S. Bankruptcy Judge

Dated: 8/3/2017



IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE

IN RE:

**KIMBERLY MICHELLE VAUGHN**  Case No. 3:16-bk-05471
 Chapter 13
Debtor.  Judge MASHBURN

**ORDER GRANTING EXPEDITED MOTION TO UTILIZE INSURANCE PROCEEDS TO PURCHASE SUBSTITUTE COLLATERAL
&
REQUIRING LIENHOLDER TO RELEASE LIEN ON TITLE OF DESTROYED VEHICLE TO ALLOW DISPOSITION OF SALVAGE**

This case came before the Court on August 2, 2017 on the Debtor's expedited hearing on a Motion to Utilize Insurance Proceeds to Purchase Substitute Collateral and to Require Lienholder to Release Lien on Title of Destroyed Vehicle to Allow Disposition of Salvage and notice to all parties. It is hereby **ORDERED ADJUDGED AND DECREED AS FOLLOWS**:

1. **ORDERED** that the Debtor is authorized to utilize insurance proceeds in the estimated amount of $8,263.95 from Nationwide Insurance for the purchase of substitute collateral of substantially similar value.

2. **IT IS FURTHER ORDERED** the lienholder, InSolve Auto Funding shall release its lien on the title of the "totaled" 2015 Hyundai Accent and remit said title to Nationwide Insurance to allow disposition of the salvage value in the vehicle.

3.  **IT IS FURTHER ORDERED** the Debtor shall use the insurance proceeds to purchase a replacement vehicle of substantially similar value, subject to approval of InSolve Auto Funding under the following conditions:

i. Approval of the replacement vehicle must be sent to InSolve Auto Funding by way of a buyer's order. InSolve Auto Funding shall have 72 hours to inspect and/or investigate if the replacement vehicle fails to be substantially similar and to accept or reject the vehicle as a replacement. If InSolve Auto Funding fails to reject the vehicle within 72 hours upon the receipt of a buyer's order, then it is automatically deemed as accepted.

ii. Once the buyer's order is accepted, Debtor shall send a copy to Nationwide Insurance. Nationwide Insurance shall make a check payable to the dealership from which the Debtor is purchasing the replacement vehicle.

iii. Should the replacement vehicle's purchase price be exceeded by the estimated insurance proceeds in the amount of $8,263.95, then the Debtor shall be responsible for paying the difference at the time of purchase.

iv. Should the replacement vehicle's purchase price be less than the insurance proceeds in the amount of $8,263.95, Nationwide Insurance shall make a check payable to the dealership for the amount necessary to purchase the vehicle and the excess funds shall be made payable to InSolve Auto Funding. Should InSolve Auto Funding receive any excess funds, they shall amend their proof of claim with the Court within 30 days.

v. InSolve Auto Funding shall release its lien on the Certificate of Title to the 2015 Hyundai Accent to Nationwide Insurance. As consideration for the release of its security interest in the 2015 Hyundai Accent, the replacement vehicle shall be substituted as collateral and InSolve Auto Funding shall be granted a lien on said replacement vehicle.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.**


**Approved for Entry:**


**/S/L.G. BURNETT, JR_____**
L. G. Burnett, Jr.
Long, Burnett, & Johnson
4800 Charlotte Avenue
Nashville, TN 37209
Telephone: (615) 386-0075
Facsimile: (615) 383-7128
Email: lgburnett@lgburnettlaw.com

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:16-bk-05471    Doc 50    Filed 08/03/17    Entered 08/03/17 16:36:31    Desc Main Document      Page 3 of 3